**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROSS AND LAURA OLDENKAMP,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-601-TCK-PJC |
| | ) | |
| **UNITED AMERICAN INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Discovery [Dkt. # 47], Plaintiffs' Motion for Protective Order [Dkt. # 48] regarding subpoenas concerning certain telephone records, and Plaintiffs' Second Motion for Protective Order [Dkt. # 49]. For the reasons set forth below, the Defendant's Motion to Compel and the Plaintiffs' Second Motion for Protective Order are **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' Motion for Protective Order is **GRANTED**.

**I**
*Background*

This case concerns denial of benefits under a health insurance policy issued by Defendant United American Insurance Company ("UA") to the Plaintiffs ("the Oldenkamps"), particularly in regard to medical treatment for their minor child. The Oldenkamps purchased an insurance policy from UA on August 1, 2006. Approximately six weeks later, the Oldenkamps' son, C.O., underwent surgery to have a cyst removed from near his eye. The Oldenkamps submitted a claim for insurance benefits to UA and

UA denied the claim on March 6, 2007, stating that the surgery was for a pre-existing condition not covered by the policy.

Before the Court are the following discovery disputes: Defendant has requested that Plaintiffs produce "all photographs of C.O. or photos in which C.O. is depicted from the time of his birth until November 30, 2006." Plaintiffs object to the request as over broad and unduly burdensome as well as seeking photos that are irrelevant to the litigation.[1] In spite of the objection, Plaintiffs proceeded to produce 29 photographs to Defendant, but failed to indicate when the photos were taken. There is no record evidence that Plaintiffs told Defendant why they were producing these 29 photos and not others, when the photos were taken, or whether they were all responsive documents for a certain time period. At the deposition of Mrs. Oldenkamp, Defendant learned that the photos were of C.O. from his birth in January 2006 to approximately May 2006. Plaintiffs' counsel had more photos responsive to Defendant's document request available at the deposition but would not produce them unless Defendant agreed not to ask for more. Defendant declined the offer.

Defendant has narrowed its discovery request in this regard to a representative sampling of photographs of C.O. from May 2006 to the time of his surgery in September 2006 ("the May-Sept. 2006 photos"). Plaintiffs object to producing the May-Sept. 2006 photos on the grounds that they are not necessary to establish pre-existing condition. Defendant contends the photos are relevant to other issues in the case such as whether the surgery could have been postponed for a year until the pre-existing condition clause did

---

[1] Plaintiffs contend that photos taken *after* they applied for the insurance policy with Defendant are irrelevant because they do not tend to prove a pre-existing medical condition.

2

not apply.[2] Defendant also asks for a post-surgery photo of C.O for purposes of before/after surgery comparison. Plaintiffs argue that there is no issue of before/after surgery comparison and they should not have to produce any such photo.

With respect to the telephone records, Defendant has served subpoenas on Cox Communication and Sprint Nextel seeking certain telephone records of the Oldenkamps: All itemized bills and/or statements including … a detailed listing of all telephone calls placed to toll-free numbers for the time period Sept. 1, 2006 through May 1, 2007, concerning Ross and Laura Oldenkamp. Defendant seeks the records to determine whether the Plaintiffs telephoned UA during the period from December 19, 2006 to late February 2007. Plaintiffs object that UA has already stated under oath that it has examined its records and produced all recordings of any telephone calls from the Oldenkamps, that the request is overly broad, that UA can review its own phone records for the information and that the request is untimely since discovery cutoff was Oct. 3, 2008.

## II
### *Legal Standard*

It is well-established that discovery under the Federal Rules is limited only by relevance and burdensomeness. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975). Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir. 1981).

---

[2] Deposition testimony indicates that delaying surgery might not be appropriate if the cyst were growing rapidly. Defendant seeks the May-September 2006 photos to determine if the cyst were growing rapidly.

3

Rule 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). At the discovery phase of litigation "relevancy" is broadly construed and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004)(citation omitted). A discovery request should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.*

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan. 2003) (citation omitted).

### III
*Discussion*

**A. Photographs.**

Defendant seeks photos of C.O. from three time periods: (1) birth to May 2006 (2) May 2006 to Sept. 18, 2006 and (3) post-surgery. Defendant has conceded that it has sufficient photographs from the first period and this category is no longer in dispute. The Court finds that photos from May to Sept. 18, 2006, may be relevant to the question of whether C.O.'s surgery could have waited until after the pre-existing condition exclusion

was no longer in effect. Plaintiffs shall produce for review framed photographs from their home showing C.O. during the May-Sept. 18, 2006 time period and shall download photographs from their home computer to a flash-drive for use by their attorney.[3] Plaintiffs shall also produce a single photograph of C.O. a month or two after his surgery. Such a photograph may be relevant to C.O.'s condition before and after surgery.

**B. Telephone records.**

Defendant has certified to the Court that all telephone records with the Oldenkamps have been produced; thus, additional discovery from Cox Communications and Sprint Nextel to determine if the Oldenkamps called UA between December 2006 and February 2007 should not be necessary. Defendant contends it just learned about possible phone calls at depositions conducted on the eve of discovery cutoff. Defendant chose to wait to take the Oldenkamps' depositions until discovery cutoff. The subpoenas at issue seek document production after the Oct. 3 discovery deadline. Such discovery is untimely. Plaintiff's Motion for Protective Order is **GRANTED.**

IT IS SO ORDERED, this 26th day of November, 2008.

_____
Paul J. Cleary
United States Magistrate Judge

---

[3] In order to cause the least disruption to the Oldenkamps, a legal assistant for their attorney can then cull representative photos for the May-November 2006 time period from the flash-drive. Should Defense counsel wish to review photos on the flash-drive that the legal assistant chose not to produce, he should be allowed to do so at offices of Plaintiffs' counsel.